| UNITED STATES DISTRICT COURT | ONLINE PUBLICATION ONLY |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------------x
STANLEY GANT,

                Petitioner,        MEMORANDUM AND ORDER

      -against-                      07-CV-2427 (JG)

JAMES J. WALSH, Superintendent,
Sullivan Correctional Facility,

                Respondent.
-----------------------------------------------------------------x
JOHN GLEESON, United States District Judge:

        Stanley Gant moves under Federal Rule of Civil Procedure 60(b) to vacate a judgment denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Gant v. Walsh*, No. 07-CV-2427 (JG), 2008 WL 2697319 (E.D.N.Y. July 3, 2008). I assume familiarity with that decision, on which judgment was entered on July 9, 2008. The United States Court of Appeals for the Second Circuit denied Gant's application for a certificate of appealability and dismissed the appeal on December 9, 2008. *See* Docket Entry 29.

        Gant claims that the proceedings before me were flawed because I failed to appoint counsel to represent him, in violation of Rule 8(c) of the Rules Governing Section 2254 Cases. The motion is denied because it misapprehends the nature of the proceedings that occurred in deciding Gant's petition. He was not entitled to counsel.

## DISCUSSION

        Habeas petitioners are not entitled to appointed counsel to assist them in their collateral attacks on their state court convictions, and I do not routinely appoint counsel for them. Whether or not counsel is appointed, I hold oral argument on every petition. *See Bailey v. Ercole*, No. 06-CV-2129 (JG), 2007 WL 4565034, at *1 (E.D.N.Y. Dec. 21, 2007) (explaining

my practices in § 2254 cases). When a *pro se* petitioner is incarcerated, the oral argument occurs by telephone or videoconference. If, as occasionally happens, the oral argument persuades me that an evidentiary hearing is necessary, I appoint counsel to represent the petitioner and the petitioner is brought to the courthouse for the hearing. *See* Rule 8(c) of the Rules Governing Section 2254 Cases (requiring the appointment of counsel to represent indigent habeas petitioners at evidentiary hearings).

The proceeding before me on June 20, 2008, in which Gant participated by videoconference, was an oral argument, not an evidentiary hearing. No testimony or other evidence was admitted at the conference; its only purpose was to give Gant and the respondent an opportunity to address me orally in support of or opposition to the petition. The appointment of counsel is not required in those circumstances.

## CONCLUSION

The motion is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: June 11, 2010
      Brooklyn, New York